Misc. 767]     Surrogate's Court, New York County, February, 1926.

from $340 to $240 by consent of the committee. The expenses of the next of kin and of the committee will be allowed. Hearings have been protracted over a long period and the labor involved and the record made has been substantially larger than in the Moore and Cox cases. The allowance of the attorney for the petitioner and that of the referee and special guardian will be fixed in the order to be settled hereon.

The report of the referee is confirmed and the grant to the petitioner will date from the day fixed in accordance with the recommendation in the report. Settle order.

---

## In the Matter of the Estate of SARAH E. FOX, Deceased.

Surrogate's Court, New York County, February 24, 1926.

**Executors and administrators — compliance by executor with directions contained in will — bequest of Roman Catholic ostensorium — omission of stones from ostensorium, deemed by executor to be imitation, not abuse of discretion.**

The omission of stones deemed by the executor of decedent's estate to be "imitation" or damaged or of small value from an ostensorium bequeathed by decedent is not such a variance from the directions of the testatrix as will warrant the disapproval of the executor's account by the Surrogate's Court for the reason that the discretion to be exercised by the executor in carrying out the directions of the 2d paragraph in the will was not limited by the language used in said paragraph or in the rest of the will.

PROCEEDING for an accounting involving compliance by executor with directions contained in will.

*Babbage & Sanders,* for the executor.

*Joyce Bushel,* special guardian.

*Coudert Bros.,* for the Novitiate of the Fathers of Mercy.

*Peck & Hancock,* for St. Vincent's Hospital.

*Eidlitz & Hulse,* for Rev. William B. Martin.

*Amend & Amend,* for the Sisters of the Poor of St. Francis.

O'BRIEN, S. The executor's discretion to be exercised in carrying out the directions of paragraph "second" of the will was not controlled or limited by the language used in said paragraph or in the rest of the will. Failure to comply precisely and literally with the directions set forth therein by omitting the stones deemed to be "imitation" or damaged or of small value from the ostensorium is not such a variance from the directions of testatrix as will warrant the court's disapproval of the account. Let the stones omitted

Surrogate's Court, New York County, February, 1926.      [Vol. 126

and the ostensorium be delivered to the beneficiary and let the statement in " Schedule E-1 " alleging the tender and refusal of the bequest be stricken from said account.    Submit decree on notice.